# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

MARIA E. MARTINEZ, on behalf of herself
and all others similarly situated,

        Plaintiff,

    v.                                                      Case No. 09-CV-653

TWIN GARDEN SALES, INC.,
MARK F. HAYES and GARY PACK,

        Defendants.

_____

# ORDER

On July 2, 2009, plaintiff, an Illinois resident, filed a class action suit against Twin Garden Sales, Inc. ("TGS") (an Illinois corporation whose only office is also in Illinois) and against Mark Hayes and Gary Pack (both of whom are officers of TGS, and both of whom are Illinois residents). Plaintiff's first amended complaint, filed on July 16, 2009, alleges that defendants were plaintiff's employer, and that defendants violated the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §§ 1801 *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.*, the Illinois Wage Payment and Collection Act ("IWPCA"), 820 IICS 115/1 *et seq.*, and Wisconsin's Wage Payment and Collection Laws ("WWPCL"), Wis. Stat. §§ 109.01 *et seq.* On August 17, 2009, defendants filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(2) & (6), or to transfer this case to the Northern District of Illinois, Western Division. In response, plaintiff filed a motion seeking to amend the complaint yet again. Because this case clearly belongs in the Northern

District of Illinois, the court will order the case transferred. Transfer of this case renders moot defendants' motion for dismissal pursuant to Rule 12(b)(2), lack of personal jurisdiction. The court will not enter an order regarding defendants' Rule 12(b)(6) motion, or plaintiff's motion to amend complaint; it is best to allow the court to which this case is transferred to resolve such motions as it deems appropriate.

**BACKGROUND**

Named plaintiff, Maria Martinez – a resident of McHenry County, Illinois – alleges that she was employed by defendants as a seasonal agricultural worker from July 9, 2007, through August 18, 2007. Martinez alleges that TGS, doing business as Twin Gardens Farms Inc. ("TGF"),[1] employed her to work at its farms in Illinois and Walworth, Wisconsin. She asserts that defendants required her and putative class members to meet at the defendants' Harvard, Illinois, location at 5:40 a.m., and that defendants would transport the workers to the various work sites, and then back to Harvard, Illinois, at the end of the day. Martinez claims that TGF, which is also an Illinois corporation whose only office is in Illinois, and TGS violated the AWPA by: 1) failing to provide required disclosures to plaintiff in writing and in Spanish; 2) failing to post required posters, in Spanish; 3) failing to inform plaintiff of her rights under the AWPA; 4) failing to keep accurate records of plaintiff's hours worked; and

---

[1] Defendants have submitted evidence demonstrating that TGS and TGF are separate legal entities, and that neither have an ownership interest in the other. Additionally, defendants have submitted evidence showing that Martinez's W-2 for the year 2007 clearly indicated that her employer was TGF (as opposed to TGS). While plaintiff attempts to add TGF as a defendant in the second amended complaint, she offers no explanation for the failure to include TGF, the actual employer, in either of the first two complaints.

5) providing misleading and false information to plaintiff regarding the terms and conditions of employment. Martinez also alleges that the failure to properly pay her constituted a violation of the above cited Illinois statutes and Wisconsin statute.

**ANALYSIS**

According to 28 U.S.C. § 1404(a): "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Id. The decision to transfer a case requires an "individualized, case-by-case consideration of convenience and fairness," *Stewart Org., Inc. v. Rioch Corp.*, 487 U.S. 22, 29 (1988), and "therefore, is committed to the sound discretion of the trial judge," *Coffey v. Van Dorn Ironworks*, 796 F.2d 217, 219 (7th Cir.1986).

A court considering transferring a case to a different venue must determine: "1) whether the action could have been brought in the alternative forum; (2) whether the alternative forum would be more convenient for the parties and witnesses; and (3) whether the transfer would be in the interest of justice." *Kelley Co., Inc. v. Central Nat. Ins. Co. of Omaha*, 598 F. Supp. 350, 351 (D. Wis. 1984). The parties both agree that this action could have been brought in the alternative forum, the Northern District of Illinois, Western Division. Thus, it only remains for the court to evaluate the latter two considerations.

I.    **Convenience of the Alternative Forum**

In considering the convenience of the alternative forum, the court must consider five factors: 1) the plaintiff's choice of forum; 2) the situs of material events; 3) the relative ease of access to sources of proof in each forum; and 4) the convenience to the parties relative to their respective residences and abilities to bear the expense of trial in a particular forum. *Harley-Davidson, Inc. v. Columbia Tristar Home Video Inc.*, 851 F. Supp. 1265, 1270 (E.D. Wis.1994).

Martinez argues that her choice of forum is entitled to "a large measure of deference." *Kelley Co.*, 598 F. Supp. at 353. While such may typically be the case, it is not so in the instant situation. Plaintiff is not a resident of Wisconsin, she is suing as a class representative, and the causes of action did not arise in this forum. Thus, her choice of forum is not entitled to substantial deference. *Countryman on Behalf of Upstate New York Pension and Retirement Fund v. Stein Roe & Farnham*, 681 F. Supp. 479, 482-83 (N.D.Ill. 1987) ("The plaintiff's choice is given less weight when the plaintiff is a non-resident of the chosen forum, when the plaintiff sues derivatively or as a class representative, and where the cause of action did not conclusively arise in the chosen forum."); *see also Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430 (2007) "When the plaintiff's choice is not its home forum, however, the presumption in the plaintiff's favor 'applies with less force,' for the assumption that the chosen forum is appropriate is in such cases 'less reasonable.'") (citation omitted).

In the instant case, substantially all of the material events occurred in Illinois. Plaintiff alleges a violation of 29 U.S.C. § 1831(a) which requires a recruiter to make certain disclosures, upon request, to agricultural workers at the time the offer of employment is made. Plaintiff also alleges a violation of § 1831(b), which requires certain informational posters to be posted at the place of employment. Plaintiff alleges a violation of § 1831(c), which requires employers to keep accurate records of the number of hours employees worked. Plaintiff also alleges that defendants, by making false and misleading statements as to the terms and conditions of employment, violated § 1831(d). Apart from plaintiff's AWPA claims, plaintiff also asserts violations of the IMWL, the IWPCA, and the WWPCL. Plaintiff alleges that defendants failed to compensate plaintiff for all hours worked, and thus lowered plaintiff's rate of pay below the minimum wage set by the IMWL. Plaintiff also alleges that defendants failed to pay plaintiff for all hours worked, and thus violated the IWPCA and the WWPCL. Plaintiff alleges that the violations of the IMWL, IWPCA, and WWPCL occurred as the result of a common practice and policy implemented by defendants. Because plaintiff is an Illinois resident (as, it seems, are a significant number of the putative class), and defendants' offices – where payroll is kept and policies are determined – are in Illinois, and two of the three farms[2] at which plaintiff and putative class members worked are in Illinois, defendants point out that if any violation of the above statutes had occurred, they

---

[2] To be clear, it is TGF, not TGS, that operates the farms.

would have occurred in Illinois.  Plaintiff offers no compelling argument to the contrary.[3]

In considering the relative ease of access to sources of proof in each forum, the court notes that the sources of proof in the instant case will predominately be documentary evidence and testimonial evidence.  It is undisputed that all relevant documentary evidence in this case is stored in McHenry County, Illinois, at the TGS and TGF offices.  Plaintiff's only argument regarding the matter is a citation to *Generac Corp. v. Omni Energy Systems, Inc.*, 19 F. Supp. 2d 917 (E.D. Wis.) for the premise that: "[i]n cases like this, much of the proof will be documentary, and documents such as contracts and financial records are easily copied and transferred to either forum."  *Id.* at 922.  However, *Generac* was a case dealing with the interpretation of a distributorship agreement.  In contrast, the instant case deals with factual occurrences involving numerous individuals over a several month period.  It is very likely that the majority of proof will be in the form of testimony – both from the putative class members, as well as from defendants and TGS and TGF's employees and former employees.  Since it appears at this juncture that the overwhelming majority of prospective witnesses will be Illinois residents, the alternative forum provides greater ease of access to testimonial evidence.  Additionally, the

---

[3] The only argument to the contrary offered by plaintiff is that "Defendant's [sic] . . . permitted Plaintiff, along with the class members, to work in Walworth, Wisconsin without properly compensating her." (Pl. Br. Opp. Mot. Transfer at 13).  This only addresses the WWPCL claim and one of the AWPA claims.  Additionally, it is unavailing, because to the extent that such is true about Wisconsin, it is doubly true about Illinois, where TGF operates two farms as opposed to the one farm it operates in Wisconsin.

documents in the instant case will involve payroll records, and perhaps entire personnel files, of every class member. It is undisputed that all of these records are in Illinois. Clearly such documentary evidence is considerably more substantial than a contract and some financial records. Also, the alternative forum clearly provides easier access to these records and files.

As was the case with each of the previously discussed factors, plaintiff had little to add regarding the convenience to the parties, relative to their respective residences, of trial in a particular forum. Plaintiff merely states: "The travel time between Defendants' location and Milwaukee is not all that much different than the travel time to Rockford." (Pl. Br. Opp. Mot. Transfer at 13). However, the court notes that the travel distance from TGS and TGF's office in Harvard, Illinois, to the federal courthouse in the alternative forum in Rockford, Illinois, is only 29.4 miles, which is less than half the distance as it is from their office to the federal courthouse in Milwaukee, which is a 75.5 mile trek. Harvard, Illinois, is also where, according to plaintiff's allegations, each of the putative class members met each day when employed by defendants. Thus, though not conclusive, it is certainly more reasonable to believe that the majority of the class members live closer to Rockford than to Milwaukee. In fact, Martinez herself resides in McHenry County (the county in which Harvard, Illinois, is located), and thus, even if she lives in the northeastern section of McHenry County, she still lives a shorter distance from Rockford than from Milwaukee. Indeed, considering the parties, the prospective parties (TGF and the

putative class members), and the likely witnesses (putative class members and TGS and TGF's employees and former employees), it would appear that Rockford would be a more convenient forum for all involved.

## II. Whether Transfer would be in the Interest of Justice

In determining whether transfer would be in the interest of justice, the court considers: 1) judicial economy; 2) the expeditious administration of justice; and 3) the availability of compulsory process over possibly unwilling witnesses. *PKWare, Inc. v. Meade*, 79 F. Supp. 2d 1007, 1019 (E.D. Wis. 2000).

In the instant case, judicial economy favors transfer. The case is in its nascent stages, and thus transfer would not result in any duplication of effort. Indeed, transferring the case will save time, judicial resources, and the resources of the parties, for keeping the case in this court would require protracted initial litigation, as plaintiff has not even demonstrated personal jurisdiction as yet over the defendants named in the first two complaints.[4] Transfer of the case will remedy all of the pending personal jurisdiction hurdles.

Additionally, this case calls for the application of Illinois law to a larger degree than it calls for the application of Wisconsin law. Plaintiff has alleged violations of two Illinois statutes, and one Wisconsin statute. Additionally, as defendants have pointed out, if there is a conflict of law controversy, it is almost certain that Illinois law

---

[4] The court is not ruling that plaintiff would be unable to show personal jurisdiction, only that resolving the inquiry would require additional efforts (both from the court and the parties) and time.

would apply, since Illinois is the state in which almost all of the acts or omissions giving rise to this case occurred. *See Drinkwater v. America Family Mutual Ins. Co.*, 2006 WI 56, ¶ 40, 714 N.W.2d 568 (holding that nonforum law applies where it is clear that nonforum contacts are of greater significance). Thus, the fact that Illinois law will predominate over Wisconsin law in this case also is a facet of judicial economy that weighs in favor of transfer.

Plaintiff argues that judicial economy does not weigh in favor of transfer, and that "Wisconsin and its residents have a significant investment in ensuring that business practices are properly conducted in this state." (Pl. Br. Opp. Mot. Transfer at 15). While Wisconsin certainly does have such an interest, Illinois does as well. Considering the fact that all the parties involved in this case are Illinois residents, and that more business activity took place in Illinois than in Wisconsin, it is clear that Illinois has a greater interest in the resolution of this case than does Wisconsin. Additionally, plaintiff has demanded a jury trial in this case; however, "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947). While the instant litigation might not have "no relation" to this community, it certainly has very little. This is especially true considering that the laws that have allegedly been violated are all worker protection laws, but there is no indication that any of the workers were residents of Wisconsin. Certainly, the home state of the workers and

the companies involved has a much more significant relationship to the instant litigation.

In considering "the expeditious administration of justice," the court finds no rationale for determining that the alternative forum could not administer justice just as, if not more so, expeditiously than this court. Plaintiff points to differences between the Northern District of Illinois and the Eastern Division of Wisconsin caseload and median time from filing to trial. (Pl. Br. Opp. Mot. Transfer at 14). However, these figures include the Northern District of Illinois, Eastern District, which includes Chicago and its suburbs, where obviously the caseload and back-log are higher. There is no evidence that the Northern District of Illinois, Western Division, has either a heavier caseload or a longer time from filing to trial than the Eastern District of Wisconsin. Indeed, considering that this branch of the district court is assigned more civil cases than any other branch of the district court, it is very likely that the alternative forum has a lower caseload than does this branch of the court.

In order to determine whether material witnesses would be subject to compulsory process by the court, the court has to have some idea who the witnesses will be. Considering the nature of the case, it appears as though witnesses will consist of employees and former employees of TGS and TGF, and plaintiff and her class members (if the class is certified). Defendants point to former seasonal agricultural workers (those that are not part of the class certified) as the group over which compulsory service would be necessary, as such individuals are

no longer employed by TGF. Defendants argue that these former seasonal employees will be much more likely to live in Illinois than in Wisconsin, and thus would be beyond this court's subpoena power, but within that of the alternative forum. Typically, the court would not give much weight to such speculative argument, but would instead require defendants to identify such potential witnesses with a greater deal of certainty. However, in the instant case, the party that would be able to identify such potential witnesses is TGF (such witnesses' former employer). However, TGF is not a defendant in this case because plaintiff failed to name TGF as a defendant in either of her first two complaints, despite the fact that plaintiff's W-2 clearly identified TGF as plaintiff's employer. Thus, to the extent that the lack of specificity as to such material witnesses is the result of plaintiff's repeated failure to name the correct party, the court will lend some weight to defendants' argument as to the likely residences of these potential witnesses.

## CONCLUSION

Each of the factors considered weighs in favor – to differing degrees – of transferring this case to the Northern District of Illinois, Western Division. This, especially when coupled with the lack of deference due this particular plaintiff's choice of forum, clearly shows that transfer is appropriate in this case. Because transfer of the case renders defendants' challenge to personal jurisdiction moot, the court will deny defendants' motion for dismissal pursuant to Rule 12(b)(2). However,

the court makes no findings regarding defendant's motion for dismissal pursuant to Rule 12(b)(6), nor to plaintiff's motion for leave to amend.

Accordingly,

**IT IS ORDERED** that defendants' Motion to Transfer Case to U.S. District Court, Northern District of Illinois, Western Division (Docket # 11) be and the same is hereby **GRANTED**.

The clerk of the court is directed to take all appropriate steps to effectuate the transfer.

Dated at Milwaukee, Wisconsin, this 23rd day of March, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge